IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-407-GMS |
| | ) |
| DUPONT DE NEMOURS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

**I. BACKGROUND**

The plaintiff, Nina Shahin ("Shahin"), who appears pro se, seeks leave to proceed *in forma pauperis*. (D.I. 1.) Shahin submitted an incomplete long form application to proceed in district court without prepaying fees or costs (form AO 239). On June 13, 2011 the Court ordered Shahin, within thirty (30) days from the date of the Order, to file the complete long form application (form AO 239), or pay the filing fee in full. (D.I. 7.) Instead, she filed a motion for reargument construed by the court as a motion for reconsideration. (D.I.8.) The defendant DuPont De Nemours ("DuPont") opposes the motion. (D.I. 9.)

Shahin failed to provide financial information for her spouse as requested, and required, by form AO 239. Shahin argues that the June 13, 2011 order requiring her to submit a complete form is in error, and asks the Court to issue a "specific order that provides legal bases for specific conclusions that the Plaintiff's husband has a specific legal obligation to pay legal fees in this particular case." (D.I. 8.)

## II. STANDARD OF LAW

The standard for obtaining relief under Rule 59(e) is difficult for Shahin to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

## III. DISCUSSION

Initially the Court notes that Shahin misconstrues the July 13, 2011 order as stating that her husband has a "specific legal obligation to pay legal fees in this particular case." (D.I. 8.) The order requires Shahin to submit a complete form AO 239 because Shahin did not provide the court with adequate information to determine if she qualifies for *in forma pauperis* status.

Regardless, whether to grant or deny a request to proceed *in forma pauperis* lies within the sound discretion of the trial court. *Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985). "[I]n order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that [she] is unable to pay the costs of [her] suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989); *See Freeman v. Edens*, No. 07-12227 MLC, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (citing *Thompson v. Pisano*, No. 06-1817, slip op. at 1 (3d Cir. Nov. 15, 2006) (alterations in the original)) (the applicant bears the "burden to 'provid[e] the [court] with the financial information it need[s] to make a determination as to whether [s]he qualifie[s] for *in forma pauperis* status.'").

The *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Douris v. Middletown Twp.*, 293 F. App'x 130, 131 (3d Cir. 2008) (not published) (citing *Deutsch v United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)). Section 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, among other things, that she is unable to pay the costs of the lawsuit.[1] *Id.* at 131-32 (citing *Neitzke*, 490 U.S. at 324).

---

[1]Section 1915(a)(1) provides as follows:

Subject to subsection (b) [applicable to prisoners], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [sic] that the person is unable to pay such fees or give security therefor. Such

A court's decision whether to grant *in forma pauperis* status is based solely on the economic eligibility of the plaintiff. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976). The court reviews the litigant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*. *Deutsch*, 67 F.3d at 1084 n.5. Economic eligibility does not require that a litigant subject herself to complete destitution to maintain her lawsuit. *See Jones v. Zimmerman*, 752 F.2d at 79.

Standards for determining whether an individual may proceed without prepayment of fees are flexible and take into consideration many factors. *United States v. Scharf*, 354 F.Supp. 450 (E.D. Pa. 1973). A supporting affidavit must state the facts of the affiant's poverty with some degree of particularity, definiteness, or certainty. *United States ex rel. Roberts v. Pennsylvania*, 312 F.Supp 1, 2 (E.D. Pa. 1969); *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). Inquiries about Shahin's spouse's financial information are material to determine her financial status. *Jeffery v. Kraft Foods Global, Inc.*, Civ. No. 05 C 6458, 2007 WL 611277 (N.D. Ill. Feb. 22, 2007); *see also Watson v. Washington Twp. of Gloucester Cnty. Publ. Sch. Dist.*, Civ. No. 09-3650(RBK-JS), 2009 WL 2778282 (D.N.J. Aug. 28, 2009) (denying motion for leave to proceed *in forma pauperis* where plaintiff failed to disclose spouse's income sources and amounts); *United States v. Salemme*, 985 F.Supp. 197, 201 (D. Mass. 1997). In addition, the court may consider other assets of Shahin in determining her ability to pay the filing fee, including equity in real estate. *See Ireland v. Reliance Std. Life Ins. Co.*, No. 97-0563-THE,

---

affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a)(1). As the Third Circuit notes, the reference to prisoners in § 1915(a)(1) appears to be a mistake. *In forma pauperis* status is afforded to all indigent persons, not just prisoners. *Douris v. Middletown Twp.*, 293 F. at App'x. 132 n.1.

1997 WL 85008, at *1 (N.D. Cal. Feb. 21, 1997) (plaintiff who was unemployed with no money in bank account denied *in forma pauperis* status because she had $60,000 of equity in her home); *Doyle v. Warner Pub. Services, Inc.*, No. 87-C-4154, 1988 WL 67633, at *1 (N.D. Ill. June 22, 1988) (plaintiff who earned a "minimal amount" with $400 in the bank denied *in forma pauperis* status in part because he had home worth $50,000 with no indication of amount of equity in home); *Failro v. Califano*, 79 F.R.D. 12, 13 (M.D. Pa. 1978) (plaintiff who earned $409 per month denied *in forma pauperis* status because she owned home worth $20,000).

Shahin has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the court's June 13, 2011 order. She is required to fully complete the long form application to proceed in district court without prepaying fees or costs (form AO 239). Her other option is to pay the filing fee in full. For the above reasons, the court will deny the motion for reconsideration.

## IV. CONCLUSION

NOW THEREFORE, at Wilmington this 13th day of July, 2011, IT IS HEREBY ORDERED that:

1. The motion for reconsideration is **denied**. (D.I. 8.)

2. Within thirty (30) days from the date of this order, the plaintiff shall either fully complete the long form (AO 239) application to proceed without prepayment of fees so that the court may determine whether she is eligible to proceed without prepayment of the filing fee **or** pay the $350 filing fee.

3. The Clerk of Court is directed to provide the plaintiff with a copy of the long form (AO 239) application to proceed without prepayment of fees.

**NOTE:** Failure to timely comply with this order shall result in dismissal of this case without prejudice.

_____
CHIEF, UNITED STATES DISTRICT JUDGE